Neil E. BISCHOFF, et al., Appellants,

v.

CITY OF AUSTIN, Appellee.

No. 13983.

Court of Appeals of Texas, Austin.

July 13, 1983.
Rehearing Denied Sept. 7, 1983.

Jonathon H. Smith, Austin, for appellants.

Albert DeLaRosa, City Atty., Jonathan Davis, First Asst. City Atty., Austin, for appellee.

Before SHANNON, SMITH and BRADY, JJ.

SHANNON, Justice.

Neil Bischoff and others, appellants, seek to set aside a judgment of the district court of Travis County declaring the validity of a City of Austin bond election. This Court will affirm the judgment.

The parties stipulated the facts. The City of Austin is one of four participants in a project to construct a nuclear power plant known as the "South Texas Project." The Austin City Council passed an ordinance calling for an election to be held for the

authorization to issue combined utility systems revenue bonds relating to financing the City's participation in the South Texas Project. Pursuant to that ordinance a bond election was set for January 15, 1983, for the purpose of submitting to the electorate the following proposition:

### PROPOSITION NUMBER 1

"SHALL the City Council of the City of Austin, Texas, be authorized to issue revenue bonds of said City in the amount of NINETY–SEVEN MILLION DOLLARS ($97,000,000) maturing serially in such installments as may be fixed by the City Council, the maximum maturity being not more than FORTY (40) years from their date, to be issued and sold at any price or prices and to bear interest at any rate or rates as shall be determined within the discretion of the City Council at the time of issuance, for the purpose of extending and improving the City's Electric Light and Power System (continued financing through March, 1984, of the City's participation in the South Texas Project to avoid legal complications and to protect the City's financial interest, including the right to sell its interest therein); to be issued in accordance with and in the manner provided in Article 1111 et seq., V.A.T.C.S., and secured by a pledge of the net revenues from the operation of the City's Electric Light and Power System and Waterworks and Sewer System, each bond to be conditioned that the holder thereof shall never have the right to demand payment of said obligation out of funds raised or to be raised by taxation?"

On January 15, 1983, the City conducted the election at which the electors were asked to vote "FOR" or "AGAINST" the single proposition which appeared on the official ballot in the following terms:

### PROPOSITION NUMBER 1

THE ISSUANCE OF $97,000,000 REVENUE BONDS FOR ELECTRIC LIGHT AND POWER SYSTEM EXTENSIONS AND IMPROVEMENTS CONTINUED FINANCING THROUGH MARCH, 1984, OF THE CITY'S PARTICIPATION IN THE SOUTH TEXAS PROJECT TO AVOID LEGAL COMPLICATIONS AND TO PROTECT THE CITY'S FINANCIAL INTEREST, INCLUDING THE RIGHT TO SELL ITS INTEREST THEREIN).

Appellants' basic complaint on appeal concerns the manner in which the proposition was described on the official ballot. By three points of error, appellants assert the district court erred in declaring the bond election valid because, as a matter of law, the language on the ballot did not submit the proposition in a fair and impartial manner; because such language was ambiguous, unclear, and misleading; and because such language failed to state a specific question to be answered by the voters. Specifically, appellants argue that the language, "to avoid legal complications and to protect the city's financial interest including the right to sell its interest therein," should have been omitted. Appellants contend that the statement of the proposition on the ballot amounted to an argument to the voters to vote for the bonds by informing them that if they wanted to avoid legal complications and protect the city's interest, they should vote for the bonds. There were various other alternatives to a bond referendum, urge appellants, about which the voters were not informed. Accordingly, appellants contend the language on the ballot was inaccurate and misleading in that it made it appear that the bond vote was the only way to avoid legal complications. This Court will overrule the points of error.

In passing, it should be observed that this is not a case where appellants pleaded or attempted to prove that the alleged irregularity in the wording of the ballot proposition affected or changed the results of the election; or where appellants pleaded or attempted to prove fraudulent conduct by city officials in the choice of language for the ballot.

In general, the form of a ballot proposition to be submitted to the voters of a city is prescribed by municipal authority

unless such form is governed by statute, city charter, or ordinance. Tex.Elec.Code Ann. art. 6.07 (Supp.1982). The parties to this appeal agree that no statute, charter provision, or ordinance sets out a form for such a ballot proposition. Under these circumstances, as this Court understands, the framing of the statement of the proposition on the ballot was properly left to the discretion of the municipal authorities, Tex.Elec. Code Ann. Art. 6.07 (Supp.1982), such discretion being limited only by the common law requirement that the statement describe the proposition with such definiteness and certainty that the voters will not be misled. *See Moore v. City of Corpus Christi*, 542 S.W.2d 720 (Tex.Civ.App.1976, writ ref'd n.r.e.); *Turner v. Lewie*, 201 S.W.2d 86 (Tex.Civ.App.1947, writ dism'd).

Appellants have not directed our attention, nor have we been able to discover, any Texas authority holding invalid a ballot because it contains *too much* language describing the proposition. The usual case involves contentions that the ballot contains *too little* descriptive language. *See Hill v. Evans*, 414 S.W.2d 684 (Tex.Civ.App.1967, writ ref'd n.r.e.); *Turner v. Lewie, supra.*

■ The parenthetical language appearing on the ballot served to explain the phrase "electric light and power system extensions and improvements," and was not tanamount to an argument to voters to vote in favor of the bonds. Although the parenthetical language perhaps could have been omitted, the law encourages, rather than frowns upon, a full and definite statement of the purpose of a proposition. *Moore v. Coffman*, 109 Tex. 93, 200 S.W. 374 (1918).

■ It is presumed that voters will familiarize themselves with the contents of, and the statements in, the propositions before casting their ballots; otherwise, the legislature would have required a verbatim copy of the proposition on the ballot. *Moore v. City of Corpus Christi, supra; Hill v. Evans, supra.* That being so, a ballot which directs the attention of the voter to a particular amendment or proposition with which he is presumed to be familiar is sufficient. *Hill v. Evans, supra.*

■ The statement of the proposition appearing on the ballot mirrors the language of the full proposition. This Court has concluded that the ballot submitted the proposition to be voted on with sufficient definiteness and certainty that the voters would not be misled. *Moore v. City of Corpus Christi, supra.* Accordingly, it cannot be said that, as a matter of law, the selection of the language to be placed on the ballot constituted an abuse of discretion by the municipal officials.

■ Appellants' fourth point of error is that the district court erred in upholding the validity of the election because the proposition purports to authorize the issuance of revenue bonds for purposes not authorized by statute or the city charter. Texas Rev.Civ.Stat.Ann. art. 1111 (1963) provides that cities shall have power to issue bonds to build, purchase, improve, extend, and repair certain public facilities, including an electric plant. Appellants argue that the purpose of these bonds was to avoid legal problems and to preserve the city's interest in the South Texas Project. The point of error is without merit because avoiding legal complications and preserving the city's interest in the project, if indeed purposes of the bonds, are only ancillary to the main purpose of constructing a power plant.

■ Appellants' fifth point is that the language on the ballot was misleading to the extent that it constitutes a violation of the rights of the voters protected by Article IV and the Fourteenth Amendment to the Constitution of the United States. This contention was not raised in appellants' trial pleading.[1] Contentions raised for the first time on appeal are not properly before the appellate court. *Gray-Taylor, Inc. v. Tennessee*, 587 S.W.2d 668 (Tex.1979).

---

1. In a supplemental transcript filed after submission and oral argument in this Court, it is seen that this contention was urged only after entry of judgment by an instrument denominated "Motion to Vacate Judgment."

Should the claimed error not be considered waived, this Court holds that there was no constitutional violation because the ballot submitted the proposition with sufficient definiteness and certainty so that the voters could not have been misled.

The judgment is affirmed.