**Neil E. BISCHOFF, et al., Appellants,**

v.

**CITY OF AUSTIN, Appellee.**

**No. 13983.**

Court of Appeals of Texas,
Austin.

Dec. 7, 1983.

Mr. Jonathon H. Smith, Austin, for appellants.

Albert De La Rosa, City Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

### ORDER

PER CURIAM.

On July 13, 1983, this Court affirmed the judgment of the court below, which had, against appellants' challenge, sustained the validity of a City of Austin bond election. 656 S.W.2d 209. Appellants then sought review of this Court's judgment in the Supreme Court of Texas. On October 19, 1983, their application for writ of error was refused, no reversible error. Appellants' motion for rehearing was overruled by that court on November 16, 1983, and on the following day the record was returned to this Court for issuance of its mandate. See Tex.R.Civ.P.Ann. 443 (Supp.1983) and 484 (1967).

Appellants have subsequently filed in this Court a notice of appeal to the United States Supreme Court, and their motion to stay the issuance of this Court's mandate pending the filing of their application for writ of certiorari. We will conditionally grant the motion.

This Court's judgment, from which appellants propose to take their application for writ of certiorari to the United States Supreme Court, derives its finality from the overruling of appellants' motion for rehearing by the Supreme Court of Texas on November 16, 1983. Appellants' application for writ of certiorari is therefore due to be filed in the United States Supreme Court within ninety days of November 16, or not later than February 14, 1984, unless the

time is extended by a justice of that Court. 28 U.S.C.A. § 2101(c), § 2404 (1982); 28 U.S.C.A. Supreme Court Rules 20.2, 20.4 (Supp.1983).

Shortly after our receipt of appellants' motion, we advised counsel for the parties to review 28 U.S.C.A. § 2101(f) (1982); instructed the City to respond, in writing, to appellants' motion; and invited both sides to make recommendations regarding this Court's disposition of the motion. Section 2101(f) provides as follows:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

It is undisputed that the continued pendency of this appeal operates to block the issuance of the bonds, the proceeds of which would be used to finance the City's continued participation in the South Texas Nuclear Project. The City is now forced to use other funds to pay for that participation, at the rate of about 1.5 million dollars per week. The issuance of this Court's mandate would terminate the litigation which acts as a bar to the issuance of the bonds. In its response, the City opposes the granting of the stay, or in the alternative, if it be granted, requests that a bond be required as contemplated by the provision quoted above. In support of its request for security, the City argues, based upon a ninety-day period, that if prevailing municipal-bond in-terest rates were to fluctuate upward to the greatest extent shown by rate changes over the last twelve months, the City could potentially suffer a loss (reduced to present value), directly attributable to the stay of the mandate, of approximately 8.5 million dollars. While we agree with the response of appellants that the amount shown is highly speculative, we nevertheless conclude that there is a distinct possibility of significant loss to the City during the period of the stay of the mandate.

We therefore grant the motion and stay this Court's issuance of the mandate, conditioned, however, that on or before December 21, 1983, appellants shall tender to the Clerk of this Court a proper bond, supported by good and sufficient surety, providing that if the appellants fail to make application for writ of certiorari on or before February 14, 1984, or within such extended time as may be provided by the United States Supreme Court or a justice thereof; or if the appellants fail to obtain an order granting their application for writ of certiorari; or if appellants fail to make their plea good in the United States Supreme Court, then in any of these events the appellants shall answer for all damages and costs which the City of Austin may sustain by reason of the stay of this Court's mandate.

If the required bond is timely tendered, this Court will stay the issuance of its mandate until February 14, 1984 (or later, if the time for the appellants' application for the writ is extended), and for such other period of time as may be required for the United States Supreme Court to make disposition of their application. In the event, however, that the required bond is not timely tendered for filing, this Court's mandate shall issue on the 22nd day of December, 1983.

Motion for stay of issuance of mandate conditionally granted.