**BUREAUCRACY ONLINE, INC., Jose Feliciano, Individually, and Roger Crabtree, Individually, Appellants**

v.

**Richard SCHILLER d/b/a Comedy Defensive Driving School, Appellee.**

No. 05–03–01492–CV.

Court of Appeals of Texas, Dallas.

Oct. 5, 2004.

John Bennett White, Wilson, Sheehy, Knowles, Robertson & Cornelius, P.C., Tyler, for Appellants.

Jay R. Stucki, Hulse & Stucki, Delia Cruz–Bruno, Irving, for Appellee.

Before Justices MORRIS, MOSELEY, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a temporary injunction, Bureaucracy Online, Inc., Jose Feliciano, and Roger Crabtree contend the trial court abused its discretion in granting the injunction requested by Richard Schiller d/b/a Comedy Defensive Driving School. Appellants contend there is no evidence to support the injunction and, after examining the record, we agree. Accordingly, we reverse the trial court's order granting the temporary injunction and remand the cause for further proceedings.

### I.

The dispute in this case centers on the ownership and management of a company called International Driver Training, Inc.

IDT licenses a defensive driving curriculum to driving schools including Schiller's Comedy Defensive Driving School. Schiller alleges he is a fifty percent owner of IDT, as well as IDT's sole director. Although Schiller acknowledges that Feliciano purchased the other fifty percent of IDT's stock, Schiller contends that the sale of the stock to Feliciano has not yet received required approval from the Texas Education Agency. In response, appellants contend that both Feliciano and Crabtree are directors of IDT along with Schiller and that Feliciano's purchase of IDT stock did not require TEA approval.

Schiller brought this suit against appellants alleging claims for breach of the duty of good faith and fair dealing, tortious interference with existing and prospective contracts, conspiracy, intentional infliction of emotional distress, defamation, and false imprisonment. In his petition, Schiller requested both a temporary restraining order and a temporary injunction to "protect Schiller's rights as a shareholder, director, and president of IDT." Schiller requested appellants be restrained from committing such acts as keeping Schiller out of IDT's offices, preventing him from accessing computer files, and interfering with his business interests. Appellants agreed to the temporary restraining order, and the restraining order signed by the trial judge is entitled "Agreed Temporary Restraining Order." In addition, the restraining order bears the signature of appellants' counsel under the word "agreed."

Two months later, the trial court held a hearing on Schiller's request for a temporary injunction. Both sides called witnesses to testify. The testimony was limited by the trial judge to the issue of ownership of IDT and whether Schiller was the company's sole director. The only testimony about appellants' actions that Schiller sought to restrain came from Feliciano. In response to questions from Schiller's counsel, Feliciano repeatedly denied he'd done anything to interfere with Schiller's rights or his access to the company.

After hearing the evidence, the trial court stated it was granting the injunction and asked counsel for both sides to confer on the form of the order for him to sign. After several discussions, counsel presented the trial judge with a draft order bearing their initials on each page. The judge wrote on top of the draft "agreed & used to proof new TI." The trial court signed the injunction order on October 7, 2003. The order does not state that it is agreed, and it is not signed by appellant's counsel. The order enjoins appellants from performing numerous acts such as keeping Schiller out of IDT's offices and interfering with his rights as an IDT director and shareholder. Appellants bring three issues on appeal challenging this order.

## II.

In their second issue on appeal, appellants contend the trial court abused its discretion in granting the injunction because there was no evidence presented at the hearing to support the need for an injunction. We will reverse a temporary injunction only if we determine there was a clear abuse of discretion on the part of the trial court. *Rugen v. Interactive Bus. Sys., Inc.*, 864 S.W.2d 548, 550–51 (Tex. App.-Dallas 1993, no writ). In making that determination, we do not substitute our judgment for that of the trial court, but determine only whether the trial court's action was so arbitrary as to exceed the bounds of reasonable discretion. *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 883 (Tex.App.-Dallas 2003, no pet.).

To be entitled to a temporary injunction, the applicant must show a probable right to permanent relief upon a trial

on the merits and a probable injury during the pendency of the trial unless the injunction issues. *Rugen,* 864 S.W.2d at 551. A probable right of recovery may be proven by alleging the existence of a right and presenting evidence tending to show that the right is being denied. *See In re Marriage of Spiegel,* 6 S.W.3d 643, 645 (Tex. App.-Amarillo 1999, no pet.). Probable injury may be proven through evidence of imminent harm, irreparable injury, and the lack of an adequate legal remedy. *See id.* A trial court abuses its discretion in granting an injunction when it misapplies the law to established facts or when the evidence does not reasonably support the determination of the existence of a probable right of recovery or probable injury. *See Cobb,* 109 S.W.3d at 883.

■ In this case, there was no evidence presented at the injunction hearing to support the trial court's determination that, unless the injunction issued, Schiller would suffer imminent and irreparable harm for which there was no adequate remedy at law. The only testimony addressing injury to Schiller was Feliciano's statements that the actions sought to be enjoined had never occurred in the past. There was no testimony about the possibility of future actions or the effect of such actions on Schiller. Given the complete absence of testimony on the issue of harm, we conclude the evidence does not support the trial court's determination of probable injury and the trial court abused its discretion by granting the injunction.

■ Schiller attempts to circumvent the lack of evidence by arguing that appellants agreed to the injunction and, therefore, they are estopped from challenging it on appeal. The record does not support this contention.

The record reflects that following the examination of witnesses and the arguments of counsel, the trial judge announced in open court he was granting the injunction. The judge then asked counsel to jointly review a proposed order. The attorneys for both sides modified the order and presented a draft to the judge with their initials on each page to show their approval of the language. The order signed by the trial court does not purport to be an agreed order and it does not bear the signature of appellants' counsel. Unlike the cases cited by Schiller, the trial court here granted the injunction following a contested evidentiary hearing. *Compare Ayala v. Minniti,* 714 S.W.2d 452 (Tex. App.-Houston [1st Dist.] 1986, no writ). Appellants' agreement to the form of the injunction order after the trial court granted the injunction can in no way be considered an agreement to the order's substance.

We conclude appellant's second issue on appeal is well taken. Because we sustain appellants' second issue, it is unnecessary for us to address appellants' remaining issues.

We reverse the trial court's order granting a temporary injunction in favor of Richard Schiller d/b/a Comedy Defensive Driving School. We remand the cause to the trial court for further proceedings.