CITY OF McALLEN, Texas, Appellant,

v.

McALLEN POLICE OFFICERS
UNION and Michael Zellers,
President, Appellees.

No. 13–07–0214–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 13, 2007.

Bradley B. Young, C. Robert Heath, Bickerstaff, Heath, Pollan & Caroom, L.L.P., Austin, Raymond L. Thomas, Kittleman, Thomas & Gonzalez, Michael A. McGurk, Kittleman, Thomas, Ramirez & Gonzales, McAllen, for appellants.

Roberto M. Garcia, Ricardo G. Benavides, Juan A. Gonzalez, McAllen for appellees.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Chief Justice VALDEZ.

This matter is before the Court on an accelerated interlocutory appeal. Plaintiffs below, McAllen Police Officers' Union and Michael Zellers, President, and plaintiff-intervenors, Cesar Gomez, individually and on behalf of the McAllen Firefighters Association (collectively "plaintiffs"), filed an application for a temporary restraining order and temporary injunction against the City of McAllen, Texas ("the City"), seeking to enjoin the City from utilizing misleading and confusing ballot language in the May 12, 2007 election. The trial court granted the temporary injunction, and the City now appeals an order denying its plea to the jurisdiction, signed by the trial court on March 27, 2007; as well as the temporary injunction, signed by the trial court on March 29, 2007. We affirm.

## I. Background

The Texas Local Government Code authorizes qualified voters of a municipality to propose amendments to the City's charter. *See* TEX. LOC. GOV'T CODE ANN. § 9.004, 9.005 (Vernon 1999). Under this authority, approximately 3,200 registered voters in the City signed a petition that proposed to amend the City's charter to provide, in relevant part, for binding arbitration in the event of an impasse in the collective bargaining negotiations between the City and the bargaining agents for the police and firefighters. The petition reads as follows:

I, a registered voter of the City of McAllen, pursuant to the provisions of sections 9.004 and 9.005, Local Government Code of the State of Texas, hereby petition the City Commission to submit the following proposed charter amendment

to the voters of the City of McAllen on May 12th, 2007:

Article No. IV is amended to add Section No. 3 as follows:

It shall be the policy of the City of McAllen to provide it's [sic] Firefighters and Police Officers with compensation and other conditions of employment that are substantially the same as compensation and conditions of employment in other comparable cities in the State of Texas.

Because of the essential and emergency nature of the public service performed by Firefighters and Police Officers it is essential for the City of McAllen to adopt a fair system of arbitration if the parties fail to agree on the compensation and other conditions of employment during collective bargaining negotiations.

With the right to strike prohibited, to maintain the high morale of Firefighters and Police Officers and efficient operation of the departments in which they serve, arbitration must be expeditious, effective, and binding.

In the event that the City of McAllen is unable to reach an agreement with the Firefighters and /or Police Officers during collective bargaining negotiations and the parties have been at impasse for at least 90 days, then the following impasse procedure shall prevail:

Either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request arbitration. In the event that one party makes a request for arbitration, then both parties shall submit all issues in dispute to arbitration. The issues to be submitted to arbitration shall be all matters which the parties have been unable to resolve through collective bargaining. The arbi-

tration ruling shall be final and binding on both parties.

Arbitration shall be conducted by the parties pursuant to the procedures, duties, requirements and rights set forth in local government code, sections 174.153 through 174.164, except that local government code section 174.163 shall be specifically excluded and not apply herein.

In making its decision, the Arbitration panel may consider only the following:

1) the requirements of section 174.021, Local Government Code[.]

2) The total compensation, including wages and benefits, and conditions of employment provided by the City of McAllen to the Firefighters and/or Police Officers.

3) The total compensation and terms and conditions of employment of Firefighters and Police Officers in other comparable cities in the State of Texas[.]

4) The rate of increase or decrease in the cost of living for the McAllen area determined by the Consumer Price Index for the period beginning with the effective date of the current collective bargaining agreement and ending with the most recent published report at the time of commencement of the arbitration.

5) Revenues available to the City of McAllen and the impact on the Taxpayers of the City of McAllen.

Plaintiffs McAllen Police Officers' Union and Michael Zellers, President, submitted the petitions to the City on March 5, 2007.

On March 12, 2007, the City certified the petitions as sufficient in number, substance, and form to place the issue on the ballot for the May 12, 2007 election. The City issued Ordinance 2007–24, which contains the proposition submitted by petition, and proposed to place it on the ballot as Proposition Three, utilizing the following ballot language: "Should the city charter be amended to require that outside arbitrators be the final decision makers in certain labor contract issues affecting city employees and the city budget rather than having the decision made by your elected mayor and city commission?"

That same day, the City, on its own initiative, issued two other ordinances, Ordinance 2007–22 and Ordinance 2007–23, also proposing to change the city charter. Ordinance 2007–22 provided for a vote for or against the following proposition:

The board of commissioners shall from time to time by resolution provide for regular meetings and for call[ed] meetings of said board; and shall provide for the time and place of said meetings. Four (4) commissioners, or the mayor and three (3) commissioners of said board, shall constitute a quorum for the transaction of any and all business that may be brought before the board; provided that no bonds may be issued nor no taxes levied except at a regular meeting of the board attended by at least three (3) commissioners and the mayor, or by four (4) commissioners without the mayor. All official sessions of the board of commissioners, whether regular or called, shall be open to the public.

This proposition was to be placed on the ballot as Proposition Two utilizing the following language: "Should the city charter be amended to provide that a quorum of the Board of Commissioners consists of four members?"

Ordinance 2007–23 provides for a vote "for or against the following proposition:"

Notwithstanding any other provisions of this charter, the City is prohibited from utilizing binding arbitration, or any other similar process which delegates the final decision making authority to an

outside person or entity, in determining the appropriate compensation, wages, benefits and/or any other conditions of employment for City of McAllen employees, including but not limited to Police Officers and/or Firefighters. The City shall have the authority to use any appropriate non-binding alternative dispute resolution proceeding, but the final decision to accept and/or reject any recommendations resulting from such proceeding shall remain with the elected city officials of the City of McAllen.

The proposition language to be placed on the official ballot, identified as Proposition One, reads: "Should the city charter be amended to make sure that your elected mayor and city commissioners keep the right to make final decisions on employee labor issues affecting city budgets by prohibiting outside arbitration?"

On March 22, 2007, plaintiffs filed an application for temporary restraining order and temporary injunction. Plaintiffs contended that the proposition language for the ballot adopted by the City was at substantial variance from the language of the petitions and the proposition set forth and described in the ordinance. Plaintiffs further contended that the proposition language: (1) fails to describe the measure with such definiteness and certainty that the voters are not misled; (2) fails to identify the measure and show its character and purpose; (3) fails to utilize such language as to constitute a fair portrayal of its chief features in words of plain meaning so that it can be understood by persons entitled to vote; and (4) fails to adequately describe the proposed amendment to give fair notice to the voter of average intelligence by directing him to the amendment so that he can discern its identity and distinguish it from other propositions on the ballot.

On March 23, Cesar Gomez, individually and on behalf of the McAllen Firefighters Association, filed his petition in intervention also seeking to enjoin the City from proceeding with the election using deceptive, misleading, and confusing ballot language.

On March 26, 2007, the City filed a plea to the jurisdiction, contending that the trial court lacked jurisdiction to rule on the application because there was insufficient time to implement a remedy without delaying the election. On March 27, 2007, the trial court denied the plea.

The trial court held hearings on the application on March 26 and March 27, 2007. On March 27, 2007, the trial court announced her ruling from the bench granting the temporary injunction. On March 29, 2007, the trial court issued a written order finding that plaintiffs had shown a "probable right and probable injury," and providing, in relevant part, that the ballot propositions selected by the City on the proposed charter amendments contained in Ordinances 2007–23 and 2007–24 were "materially misleading" as to the effect of the passage of the proposed amendments:

... Said provision ["Notwithstanding any other provision of this charter ..."] in the ordinance, and the absence of said language in the proposed proposition, along with the presentment of both of these propositions could conceivably result in both of these propositions being approved by the voters, which could circumvent and nullify the will of the voters. Therefore, the Court finds that these propositions as presented are materially misleading, not so much in the words used, but in the effect that could result from the voters not knowing the effect of their Yes or No vote.

Further, the propositions are also misleading in that the voter is led to believe

that the Mayor and the City Commissioners would be the final decision-makers in bargaining impasses when in fact the Fire and Police Employee Relations Act, Local Government Code Chapter 174, make arbitration decisions appealable to court for judicial resolution under a set of guidelines.

Further, both ballot propositions state that these propositions relate to all city employees when in fact both proposed charter amendments apply only to bargaining disputes involving firefighters and police officers.

\* \* \*

Plaintiffs and Plaintiff–Intervenor will further be irreparably harmed if the City is allowed to proceed with a charter amendment election using the ballot language selected for Ordinance Nos.2007–23 & 2007–24 because they are on the ballot with an amendment proposed by Ordinance No.2007–22. If the amendment proposed in Ordinance No.2007–22 is successful, it would prevent a fair election on the other two proposed charter amendments for a period of two years under the operation of Article XI, Sec. 5 of the Texas Constitution, and the Plaintiffs and Plaintiff–Intervenor could not have an opportunity for an election prior to May 2009.

The trial court enjoined the City from utilizing the ballot language proposed by the City for Propositions One and Three and holding an election on the proposed charter amendments using any ballots containing that language. The trial court further found that "time is of the essence" and recommended that the parties "work toward a resolution of this matter prior to the date of the scheduled election."

On March 28, 2007, the City instructed the company preparing the ballots to remove Propositions One and Three from the ballot.

On April 4, 2007, the City filed a notice of appeal regarding (1) the trial court's order denying its plea to the jurisdiction, and (2) the temporary injunction.

On April 5, 2007, appellees, McAllen Police Officers' Union and Michael Zellers, President, filed a motion for emergency relief asking this Court to rule on appellant's appeal without the necessity of briefing and based on the sworn and uncontroverted copies of the original papers filed with the trial court. On April 9, 2007, the Court granted appellees' motion. On April 11, 2007, the City filed a response to the plaintiffs' motion for emergency relief, addressing substantive issues pertaining to the appeal, along with a sworn appendix. Accordingly, the Court is hearing this appeal without briefs and without oral argument, based on sworn and uncontroverted copies of documents presented to the Court by the parties. *See* TEX.R.APP. P. 28.3. Given the exigent nature of this case, the Court shortened relevant appellate time periods under the authority of the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 2, 39.9.

## II. Plea to the Jurisdiction

 A plea to the jurisdiction is a dilatory plea, the purpose of which is to "defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Parks & Wildlife Dep't v. Morris,* 129 S.W.3d 804, 807 (Tex.App.-Corpus Christi 2004, no pet.). Whether a trial court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Morris,* 129 S.W.3d at 807. Therefore, we review a trial court's ruling on a plea to

the jurisdiction de novo. *Miranda,* 133 S.W.3d at 226; *Morris,* 129 S.W.3d at 807.

In its plea to the jurisdiction, the City contends that the trial court's jurisdiction over a suit involving an election is strictly limited and depends on there being sufficient time to implement a remedy without delaying the election. The City contends that any remedy in the instant case would cause a delay in the election and would thus be beyond the trial court's jurisdiction. According to the City, it had from the date of the hearing until March 28, or perhaps April 3, to obtain a judgment on the merits from the trial court and exhaust its appellate remedies in the court of appeals and supreme court.

The City correctly argues that our analysis of this issue is controlled by *Blum v. Lanier,* 997 S.W.2d 259 (Tex.1999). In *Blum,* the Texas Supreme Court considered (1) whether a district court has jurisdiction to enjoin a city from using allegedly vague and misleading language on the ballot describing the proposed amendment to the city charter initiated by petition, and (2) whether a qualified voter who signs the petition that initiates the election has standing to seek the injunction against the ballot proposition the city drafted. *See id.* at 260. The court answered "yes" to both questions. *Id.*

According to the supreme court, an injunction that delays an election would be improper, but an injunction that facilitates the elective process may be appropriate. *See id.* at 263. "In short, if the matter is one that can be judicially resolved in time to correct deficiencies in the ballot without delaying the election, then injunctive relief may provide a remedy that cannot be adequately obtained through an election contest." *Id.* at 263–64. The court considered, and rejected, the possibility that an election contest occurring after the election, could serve as an adequate remedy at

law. *Id.* at 264. The Texas Supreme Court thus held that a qualified voter who signs an initiative petition has standing to seek, and the trial court has jurisdiction to issue, an injunction forbidding the City's use of a misleading ballot proposition "so long as the injunction does not operate to delay or cancel the called election." *Id.*

In the instant case, the trial court entered its injunction orally on March 27, 2007, and issued a written order on March 29, 2007. The injunction did not delay or cancel the election. Even under the City's own estimation of the time required for printing ballots and mailing them, there was sufficient time for the trial court to act without delay of the called election. That is, according to the City, the ballots had to be mailed out by April 4, 2007. This allowed the City eight days to amend the ballot language and have the ballots printed and ready for the May 12, 2007 election.

The City contends that "[w]hile the commission presumably could have decided to adopt new language for the two propositions, it chose instead to continue to defend its statutory right to choose the ballot language by appealing the order as it was authorized by chapter 51 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE § 51.014(a)(4) & (8)." The City's argument highlights a tension apparent in the instant case between the City's right to appeal and the trial court's authority to enter a temporary injunction as a remedy for a misleading ballot proposition. The Texas Supreme Court has authorized the use of a temporary injunction to remedy a misleading ballot proposition "so long as the injunction does not operate to delay or cancel the called election." *Blum,* 997 S.W.2d at 264.

As noted above, we have taken appropriate measures in this case to ensure the timely disposition of the City's interlocu-

tory appeal, bearing in mind the exigent nature of the case and the parties' respective rights to judicial review prior to the election. At the present time, the trial court is stayed from all proceedings under Texas Civil Practice and Remedies Code Section 51.014. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (Vernon Supp.2006). The stay has precluded the trial court from providing any additional remedy of any nature prior to the election, including a ruling on Plaintiffs' Emergency Request for Declaratory Relief, Writ of Mandamus, and Attorneys Fees, which was filed on April 4, 2007. Nevertheless, we do not agree that the trial court lacks jurisdiction.

Thus far, the trial court has not issued any relief that would delay the election. The relief granted in the temporary injunction prohibited the use of the ballot language proposed by the City. As noted above, the City has already had the language taken off the ballot without delaying the election. Accordingly, there is no basis for concluding that the relief granted by the trial court had the effect of delaying the election. *See Blum,* 997 S.W.2d at 264.

Given the foregoing, we conclude that the trial court properly denied the City's plea to the jurisdiction.

### III. Temporary Injunction

■■■■ The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* To obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* The party seeking the injunction bears the burden of proving each of these elements. *Bridas Corp. v. Unocal Corp.,* 16 S.W.3d 887, 890 (Tex.App.-Houston [14th Dist.] 2000, pet dism'd w.o.j.).

■■■■ The decision to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru,* 84 S.W.3d at 204. In deciding whether the trial court has abused its discretion in denying or granting a temporary injunction, the reviewing court may neither substitute its judgment for that of the trial court nor consider the merits of the underlying lawsuit. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Synergy Ctr., Ltd. v. Lone Star Franchising, Inc.,* 63 S.W.3d 561, 564 (Tex.App.-Austin 2001, no pet.). Our review is confined to the validity of the order that grants or denies the injunctive relief. *Synergy Ctr., Ltd.,* 63 S.W.3d at 564. We review the evidence in the light most favorable to the order and indulge all reasonable inferences in favor of the decision. *EMSL Analytical, Inc. v. Younker,* 154 S.W.3d 693, 696 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Universal Health Servs., Inc. v. Thompson,* 24 S.W.3d 570, 576 (Tex.App.-Austin 2000, no pet.). When, as here, the trial court does not make findings of fact or conclusions of law, we must uphold the court's order on any legal theory supported by the record. *Davis,* 571 S.W.2d at 862; *EMSL Analytical, Inc.,* 154 S.W.3d at 696. The reviewing court "cannot reverse a trial court's order if the trial court was presented with conflicting evidence and the record includes evidence that reasonably supports the trial court's decision." *Universal Health Servs.,* 24 S.W.3d at 576.

In its response to the application for a temporary injunction, the City contended

that the plaintiffs were not entitled to a temporary injunction because: (1) the relief sought would destroy rather than preserve the status quo; (2) the plaintiffs do not have a probable right to the relief they are seeking; and (3) the plaintiffs would not suffer irreparable harm.[1]

In the City's first argument against the temporary injunction, it contends that the plaintiffs were not entitled to a temporary injunction because the relief sought would destroy rather than preserve the status quo.

The "status quo" to be preserved by temporary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. *Transp. Co. of Tex. v. Robertson Transports, Inc.,* 152 Tex. 551, 558, 261 S.W.2d 549, 554 (Tex.1953). The status quo in this case was the status of the matter prior to the controversy at issue. That is, the status as it existed following the submission of the petition and prior to the drafting of the ballot language by the City. If the City's ballot language created the status quo, as the City contends, a plaintiff could never obtain temporary relief from invalid ballot language before a trial on the merits could be had, and this result would be inconsistent with the Texas Supreme court's analysis in *Blum v. Lanier. See Blum,* 997 S.W.2d at 263–64 (authorizing issuance of a temporary injunction to challenge ballot language so long as the election is not delayed).

In its second argument, the City contends that the plaintiffs have not shown a probable right to the relief sought. *See*

*Butnaru,* 84 S.W.3d at 204. Specifically, the City argues that it has broad discretion in the wording it chooses for the ballot language.

To establish a probable right to the relief sought, an applicant is required to allege a cause of action and offer evidence that tends to support the right to recover on the merits. *See Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993) (per curiam); *Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Group, P.A.,* 190 S.W.3d 891, 896 (Tex.App.-Dallas 2006, no pet.). An applicant is not required to show he will prevail at the final trial because the ultimate merits of the case are not before the trial court. *See Walling,* 863 S.W.2d at 58; *Dallas Anesthesiology Assocs.,* 190 S.W.3d at 896. A probable right to recovery may be proven by alleging the existence of a right and presenting evidence tending to show that right is being denied. *Bureaucracy Online, Inc. v. Schiller,* 145 S.W.3d 826, 829 (Tex.App.-Dallas 2004, no pet.).

In the instant case, plaintiffs have a cause of action insofar as they are the signers of the petition, and they have a justiciable interest in seeing that their legislation is submitted to the people for a vote. *See Blum,* 997 S.W.2d at 262.

Although the petitioners draft the charter amendment, "the municipal authority generally retains discretion to select the form of the ballot proposition that describes the proposed amendment." *Blum,* 997 S.W.2d at 262. This is so where neither the petition nor any statute, city charter provision, or ordinance prescribes the

---

1. In a fourth argument in its response to the application for temporary injunction, the City contends that plaintiffs did not have standing to challenge the language of proposition one. The City argues that "While a person who signs the petition may have standing to challenge the language of a proposition drawn from the petition, no such challenge may be brought to the language of other propositions, except in an election contest following the election." The temporary injunction does not prohibit or enjoin the use of proposition one, accordingly, we do not address this argument herein. *See* TEX.R.APP. P. 47.1.

ballot language. *Brown v. Blum,* 9 S.W.3d 840, 848 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *Bischoff v. City of Austin,* 656 S.W.2d 209, 211–12 (Tex.App.-Austin 1983, writ ref'd n.r.e.). Section 52.072(a) of the Election Code provides:

> Except as otherwise provided by law, the authority ordering the election shall prescribe the wording of a proposition that is to appear on the ballot.

TEX. ELEC.CODE ANN. § 52.072(a) (Vernon 2003); *see Blum,* 997 S.W.2d at 262. The Election Code defines a "proposition" as "the wording appearing on a ballot to identify a measure." TEX. ELEC.CODE ANN. § 1.005(15) (Vernon 2003).

 The election authority's discretion under this statute is limited by the common law requirement that the proposition describe the measure "with such definiteness and certainty that the voters are not misled." *Blum,* 997 S.W.2d at 262; *see Brown,* 9 S.W.3d at 847 (and cases cited therein). Ballot wording is sufficient if it identifies the measure and shows its character and purpose. *See Brown,* 9 S.W.3d at 848. The ballot should contain a description of the measure "in such language as to constitute a fair portrayal of [its] chief features ... in words of plain meaning, so that it can be understood by persons entitled to vote." *See Wright v. Bd. of Trs. of Tatum Indep. Sch. Dist.,* 520 S.W.2d 787, 792 (Tex.Civ.App.-Tyler 1975, writ dism'd); *see also Brown,* 9 S.W.3d at 848. "A ballot adequately describes a proposed amendment if it gives fair notice to the voter of average intelligence by directing him to the amendment so that he can discern its identity and distinguish it from other propositions on the ballot." *Hardy v. Hannah,* 849 S.W.2d 355, 358 (Tex.App.-Austin, 1992, writ denied); *see Brown,* 9 S.W.3d at 848.

We conclude, without making a determination on the merits, that the plaintiffs established a probable right to relief. While the City retained discretion to prescribe the wording of a proposition that is to appear on the ballot, that discretion is not absolute. At the temporary injunction hearing, the trial court had before it evidence from which it may have concluded that the propositions were misleading, both in and of themselves, and in juxtaposition to one another.

 In its third argument, the City contends that the plaintiffs failed to show irreparable harm. However, injunctive relief may provide a remedy that cannot be adequately obtained through an election contest. *See Blum,* 997 S.W.2d at 264.

> A misleading ballot proposition that requires an election contest and a second election delays the timely resolution of the proposed charter amendment no less than, and perhaps even more than, an improper injunction. Election results are often influenced by unique and complex factors existing at a particular point in time, and those who petition for an election may have strong reasons for desiring a particular election date. The Local Government Code implicitly recognizes this interest by requiring charter amendment elections to be set promptly. If defective wording can be corrected through injunctive relief, a remedy will be provided that is not available through a subsequent election contest.

*See id.* (internal citations omitted).

Reviewing the evidence in the light most favorable to the temporary injunction, and indulging all reasonable inferences in favor of the decision, we conclude that the trial court did not abuse its discretion in granting the injunction.

### IV. Mootness

 The City contends that this matter is moot. If a case becomes moot,

the parties lose standing to maintain their claims. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001). Under the "capable of repetition, yet evading review" exception to the mootness doctrine, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Id.*

We conclude that this matter falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. A repetition of the events in this case is possible. *Blum*, 997 S.W.2d at 264 ("Because the City controls the proposition language and to some extent may also dictate the amount of time the initiative sponsors will have to seek judicial relief prior to the election, a repetition of the events in this case is possible.").

## V. Conclusion

The order of the trial court denying the City's plea to the jurisdiction and the order granting the temporary injunction are AFFIRMED.