

# NUMBER 13-10-444-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

CITY OF MCALLEN AND
CHIEF VICTOR RODRIGUEZ,                                   Appellants,

v.

MCALLEN POLICE OFFICERS UNION,                           Appellee.

---

On appeal from County Court at Law No. 6
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

This interlocutory appeal is from a trial court order denying a plea to the jurisdiction

filed by the City of McAllen and McAllen chief of police, Victor Rodriguez ("the City"). The

McAllen Police Officers' Union ("the Union") sought a declaratory judgment action against

the City, complaining that the City violated chapters 143 and 174 of the local government code and the parties' collective bargaining agreement by "wrongfully and without authority or justification unlawfully interpreting and applying the Collective Bargaining Agreement terms by placing returning rehired McAllen Police officers in a probationary status, denying seniority rights and rights to education reimbursements and the opportunity to test for promotion and by detrimentally affecting the pay scale of the returning officers." *See* TEX. LOC. GOV'T CODE ANN. § 143.001-.363 (Vernon 2008 & Supp. 2010); § 174.001-.253 (Vernon 2008 & Supp. 2010). The City moved to dismiss the case for lack of jurisdiction, arguing that the declaratory judgment action sought an advisory opinion, was moot and not ripe for review, and that the Union did not have standing. On appeal, the City raises issues with respect to mootness and urges that the Union had no standing. We reverse and render judgment dismissing the case for lack of jurisdiction.

## I. BACKGROUND

The Union originally filed suit against the City, claiming that it was the recognized bargaining agent for all McAllen police officers. It urged that the City had violated the local government code and the collective bargaining agreement by wrongfully interpreting and applying the collective bargaining agreement by placing returning rehired McAllen police officers on probationary status and, in so doing, denied "seniority rights and rights to education reimbursements and the opportunity to test for promotion and by detrimentally affecting the pay scale of returning officers." As declaratory relief, the Union sought several declarations, including a declaration that it has standing to raise

2

such claims, grievances and concerns of union members, and that the City failed in its duty to deal with the issue of returning rehires in a fair and consistent manner under the terms of the collective bargaining agreement.

The City filed its plea to the jurisdiction urging that, based on the Union's pleadings, there was no live controversy. It is, in fact, undisputed that at the time the declaratory judgment action was filed, no employee was adversely affected by the City's alleged policy of requiring rehires to complete a one-year period of probation. Two officers had allegedly been affected by this policy, but each of those officers had completed the year-long probationary term. The City argued that the Union failed to plead that any officer is currently being affected by this policy, thus there was no more than a contingent or remote possibility of an injury.

In response, the Union argues that an action is not moot when a party voluntarily abandons the conduct at issue. But, it focuses primarily on the fact that "one cannot assume that the City will not apply the probationary status again." The Union also urges this Court to uphold the trial court's denial of the City's plea based on the "capable of repetition yet evading review" exception to the mootness doctrine. The Union also argues that there is a public interest exception where appellate review may be obtained if an issue is of considerable public importance and if that issue is capable of evading review.

## II. STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

3

2004). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Id.* We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* at 228; *see City of San Antonio v. Butler*, 131 S.W.3d 170, 174 (Tex. App.–San Antonio 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda,* 133 S.W.3d at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

### III. ANALYSIS

The City first argues that based upon the Union's pleadings, it is clear that the Union seeks declaratory relief on alleged instances of previous conduct. As a result, the City claims the issue is moot and not the proper subject of a declaratory judgment action. Conversely, the Union argues that the City, through its chief of police, is misinterpreting the re-hire provision of the collective bargaining agreement by placing rehired police officers on an arbitrary one-year probationary period.

Mootness is a component of subject matter jurisdiction. *Krohn v. Marcus Cable Assocs., L.P.*, 201 S.W.3d 876, 882 (Tex. App.–Waco 2006, pet. denied); *Labrado v. County of El Paso*, 132 S.W.3d 581, 589 (Tex. App.–El Paso 2004, no pet.). A case becomes moot if a controversy no longer exists or if the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). When a case becomes moot, the parties lose standing to maintain their claims. *City of*

4

*McAllen v. McAllen Police Officers Union*, 221 S.W.3d 885, 895-96 (Tex. App.–Corpus Christi 2007, pet. denied) (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).

Here, assuming without deciding that the Union had standing to initially bring the lawsuit, it is clear that it was seeking relief based upon previous alleged injuries, not current injuries that are presently justiciable. The Union wholly failed to plead or establish that any officer is currently affected by the rehire policy of the City or that the City has voluntarily abandoned the conduct at issue. Therefore, there is no live controversy for this Court to rule upon.

The Union argues that exceptions to the mootness doctrine apply here. The Texas Supreme Court has recognized only two exceptions to the mootness doctrine: (1) the capable of repetition, yet evading review exception; and (2) the collateral-consequences exception. *Fed. Deposit Ins. Corp. v. Nueces County,* 886 S.W.2d 766, 767 (Tex. 1994); *Gen. Land Office v. Oxy U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex. 1990). The Union specifically urges the "capable of repetition yet evading review" exception.

The "capable of repetition yet evading review" exception applies only in rare circumstances. *Williams*, 52 S.W.3d at 184 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 (1983)). To invoke the exception, "a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again*." City of McAllen,* 221 S.W.3d at 896 (*citing Williams* 52 S.W.3d at 184). Appellants cite no Texas cases applying this exception to a fact

5

situation similar to the case before us.

Litigants have used these exceptions to challenge such actions as unconstitutional mental commitments after the complaining party's release, *see, e.g., State v. Lodge*, 608 S.W.2d 910 (Tex. 1980); *Ex parte Ullmann*, 616 S.W.2d 278 (Tex. App.–San Antonio 1981, writ dism'd); unconstitutional adjudications of juvenile delinquency, *Carrillo v. State*, 480 S.W.2d 612, 616-17 (Tex. 1972); and as unconstitutional prior restraints on speech. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 209 (Tex. 1981).

It is undisputed that the officers in question were on probation for one year. There is nothing in the record to suggest that a one-year period is too short for a claim to be litigated. Further, there is nothing to suggest that the officers in question could meet the "capable of repetition" element of the exception. There is no reasonable expectation that any of the previously affected officers will resign again, be rehired within six months, and be placed on probationary status again. *See Williams*, 52 S.W.3d at 184. This case is simply not one of those rare circumstances where the mootness doctrine should not be applied.

The Union also urges that we apply a public interest exception to the mootness doctrine to this case. The public-interest exception allows appellate review of an issue of considerable public importance if that issue is capable of repetition between either the same parties or other members of the public, but, for some reason, evades appellate review. *Tex. Dep't of Pub. Safety v. LaFleur*, 32 S.W.3d 911, 914 (Tex. App.–Texarkana 2000, no pet.). While this Court has acknowledged the existence of the public interest exception, even though the supreme court has not, the issue is not before us because this

6

case does not affect the public interest. *See In re Guerra*, 235 S.W.3d 392, 433 n. 198 (Tex. App.–Corpus Christi 2007, orig. proceeding) (recognizing and applying the exception). Therefore, even if such exception is recognized, it is not applicable here. We sustain the City's first issue.

## IV. CONCLUSION

Having addressed all dispositive issues, we reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing the case for lack of subject matter jurisdiction.


ROSE VELA
Justice

Delivered and filed the
17th day of March, 2011.