NUMBER 13-10-444-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

CITY OF MCALLEN AND 

CHIEF VICTOR
RODRIGUEZ,                                            Appellants,

 

v.

 

MCALLEN POLICE
OFFICERS UNION,                             Appellee.

                                                                                                                     
  

 

On appeal from County
Court at Law No. 6 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Rodriguez,
Garza, and Vela 

Memorandum Opinion by
Justice Vela

 

This interlocutory appeal is from a
trial court order denying a plea to the jurisdiction filed by the City of
McAllen and McAllen chief of police, Victor Rodriguez (“the City”).  The
McAllen Police Officers’ Union (“the Union”) sought a declaratory judgment
action against the City, complaining that the City violated chapters 143 and
174 of the local government code and the parties’ collective bargaining
agreement by “wrongfully and without authority or justification unlawfully
interpreting and applying the Collective Bargaining Agreement terms by placing
returning rehired McAllen Police officers in a probationary status, denying
seniority rights and rights to education reimbursements and the opportunity to
test for promotion and by detrimentally affecting the pay scale of the
returning officers.”  See Tex.
Loc. Gov’t Code Ann. § 143.001-.363 (Vernon 2008 & Supp. 2010); § 174.001-.253
(Vernon 2008 & Supp. 2010).  The City moved to dismiss the case for lack of
jurisdiction, arguing that the declaratory judgment action sought an advisory
opinion, was moot and not ripe for review, and that the Union did not have
standing.  On appeal, the City raises issues with respect to mootness and urges
that the Union had no standing.  We reverse and render judgment dismissing the
case for lack of jurisdiction.

I.  Background

            The Union originally filed suit against the
City, claiming that it was the recognized bargaining agent for all McAllen
police officers.  It urged that the City had violated the local government code
and the collective bargaining agreement by wrongfully interpreting and applying
the collective bargaining agreement by placing returning rehired McAllen police
officers on probationary status and, in so doing, denied “seniority rights and
rights to education reimbursements and the opportunity to test for promotion
and by detrimentally affecting the pay scale of returning officers.”  As
declaratory relief, the Union sought several declarations, including a
declaration that it has standing to raise such claims, grievances and concerns
of union members, and that the City failed in its duty to deal with the issue
of returning rehires in a fair and consistent manner under the terms of the
collective bargaining agreement.

            The City filed its plea to the jurisdiction
urging that, based on the Union’s pleadings, there was no live controversy.  It
is, in fact, undisputed that at the time the declaratory judgment action was
filed, no employee was adversely affected by the City’s alleged policy of
requiring rehires to complete a one-year period of probation.  Two officers had
allegedly been affected by this policy, but each of those officers had
completed the year-long probationary term.  The City argued that the Union
failed to plead that any officer is currently being affected by this policy,
thus there was no more than a contingent or remote possibility of an injury.  

In response, the Union argues that an
action is not moot when a party voluntarily abandons the conduct at issue. 
But, it focuses primarily on the fact that “one cannot assume that the City
will not apply the probationary status again.”  The Union also urges this Court
to uphold the trial court’s denial of the City’s plea based on the “capable of
repetition yet evading review” exception to the mootness doctrine.  The Union
also argues that there is a public interest exception where appellate review may
be obtained if an issue is of considerable public importance and if that issue
is capable of evading review. 

II. Standard of Review

We review a trial court's ruling on a
plea to the jurisdiction under a de novo standard of review.  Tex. Dep't of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  The
plaintiff bears the burden of alleging facts affirmatively demonstrating the
trial court's jurisdiction to hear a case.  Id.  We construe the
pleadings liberally in favor of the pleader, look to the pleader's intent, and
accept as true the factual allegations in the pleadings.  Id. at 228; see
City of San Antonio v. Butler, 131 S.W.3d 170, 174 (Tex. App.–San Antonio
2004, pet. denied).  If a plea to the jurisdiction challenges the existence of
jurisdictional facts, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised, as the trial court
is required to do.  Miranda, 133 S.W.3d at 227; Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

III. Analysis

The City first argues that based upon
the Union’s pleadings, it is clear that the Union seeks declaratory relief on
alleged instances of previous conduct.  As a result, the City claims the issue
is moot and not the proper subject of a declaratory judgment action. 
Conversely, the Union argues that the City, through its chief of police, is
misinterpreting the re-hire provision of the collective bargaining agreement by
placing rehired police officers on an arbitrary one-year probationary period.

            Mootness is a component of subject matter
jurisdiction.  Krohn v. Marcus Cable Assocs., L.P., 201 S.W.3d 876, 882
(Tex. App.–Waco 2006, pet. denied); Labrado v. County of El Paso, 132
S.W.3d 581, 589 (Tex. App.–El Paso 2004, no pet.).  A case becomes moot if a
controversy no longer exists or if the parties lack a legally cognizable
interest in the outcome.  Allstate Ins. Co. v. Hallman, 159 S.W.3d 640,
642 (Tex. 2005).  When a case becomes moot, the parties lose standing to
maintain their claims.  City of McAllen v. McAllen Police Officers
Union, 221 S.W.3d 885, 895-96 (Tex. App.–Corpus Christi 2007, pet. denied)
(citing Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). 

            Here, assuming without deciding that the
Union had standing to initially bring the lawsuit, it is clear that it was
seeking relief based upon previous alleged injuries, not current injuries that
are presently justiciable.  The Union wholly failed to plead or establish that
any officer is currently affected by the rehire policy of the City or that the
City has voluntarily abandoned the conduct at issue.  Therefore, there is no
live controversy for this Court to rule upon. 

            The Union argues that exceptions to the mootness doctrine apply here.  The
Texas Supreme Court has recognized only two exceptions to the mootness
doctrine:  (1) the capable of repetition, yet evading review exception; and (2) the
collateral-consequences exception.  Fed. Deposit Ins. Corp.
v. Nueces County, 886
S.W.2d 766, 767
(Tex. 1994); Gen. Land Office v.
Oxy U.S.A., Inc., 789
S.W.2d 569, 571 (Tex. 1990).  The Union specifically urges the
“capable of repetition yet evading review” exception.

The “capable of repetition
yet evading review” exception applies only in rare circumstances.  Williams, 52
S.W.3d at 184 (citing Los Angeles v. Lyons, 461 U.S.
95, 109, 103 (1983)).  To invoke the exception, “a plaintiff must prove that: 
(1) the challenged action was too short in duration to be litigated fully
before the action ceased or expired; and (2) a reasonable expectation exists
that the same complaining party will be subjected to the same action again.” 
City of McAllen, 221 S.W.3d at 896 (citing Williams 52 S.W.3d at
184).  Appellants cite no Texas cases applying this exception to a fact
situation similar to the case before us.

Litigants have used these
exceptions to challenge such actions as unconstitutional mental commitments
after the complaining party's release, see, e.g., State v. Lodge, 608
S.W.2d 910 (Tex. 1980); Ex parte Ullmann, 616 S.W.2d 278 (Tex. App.–San
Antonio 1981, writ dism'd); unconstitutional adjudications of juvenile
delinquency, Carrillo v. State, 480 S.W.2d 612, 616-17 (Tex. 1972); and as
unconstitutional prior restraints on speech.  Iranian Muslim Org. v. City of
San Antonio, 615 S.W.2d 202, 209 (Tex. 1981).  

It is undisputed that the
officers in question were on probation for one year.  There is nothing in the
record to suggest that a one-year period is too short for a claim to be
litigated.  Further, there is nothing to suggest that the officers in question
could meet the “capable of repetition” element of the exception.  There is no
reasonable expectation that any of the previously affected officers will resign
again, be rehired within six months, and be placed on probationary status
again.  See Williams, 52 S.W.3d at 184.  This case is simply not one of
those rare circumstances where the mootness doctrine should not be applied.

The Union also urges that we
apply a public interest exception to the mootness doctrine to this case.  The
public-interest exception allows appellate review of an issue of considerable
public importance if that issue is capable of repetition between either the
same parties or other members of the public, but, for some reason, evades
appellate review.  Tex. Dep't of Pub. Safety v. LaFleur, 32 S.W.3d 911,
914 (Tex. App.–Texarkana 2000, no pet.).  While this Court has acknowledged the
existence of the public interest exception, even though the supreme court has
not, the issue is not before us because this case does not affect the public
interest.  See In re Guerra, 235 S.W.3d 392, 433 n. 198 (Tex.
App.–Corpus Christi 2007, orig. proceeding) (recognizing and applying the exception). 
Therefore, even if such exception is recognized, it is not applicable here.  We
sustain the City’s first issue.

IV. Conclusion

Having addressed all
dispositive issues, we reverse the trial court’s order denying the plea to the
jurisdiction and render judgment dismissing the case for lack of subject matter
jurisdiction.

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

17th day of March,
2011.