NUMBER 13-11-00181-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

LARRY ROBERT GUERRERO,                                         
    Appellant,

 

v.

 

WILLIAM SATTERWHITE
JR. AND 

LARRY MOTTU GUERRERO,               
                        Appellees.

                                                                                                                     
  

 

On appeal from the 329th
District Court 

of Wharton County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

            Appellant Larry Robert Guerrero (Robert)
appeals from the trial court’s interlocutory order granting a temporary
injunction.  In relevant part, the trial court ordered Robert to deliver
possession of a 2004 Ford Thunderbird automobile to appellee William
Satterwhite Jr.  By a single issue, Robert contends that the trial court erred
in granting the temporary injunction because the order granted Satterwhite
final, not temporary, relief, the writ of injunction was not properly served,
and the evidence was insufficient to grant a temporary injunction.  We affirm.

I. 
Background[1]

Satterwhite and Robert claim ownership
of the Thunderbird.  It is undisputed that the vehicle was awarded to Robert's
step-mother, Lydia Guerrero, when she and Robert's father, Larry Mottu Guerrero
(Larry), were divorced.[2] 
Satterwhite asserts that he owns the Thunderbird through a transfer from Lydia;
and, as the trial court reminded the parties at the temporary injunction
hearing, Satterwhite "has provided satisfactory evidence that at least the
State of Texas believes
that he owns it."[3]
 Robert claims that he bought the Thunderbird from Ford Motor Credit
after it repossessed the vehicle from Lydia when she failed to make loan
payments during the divorce proceeding.  Robert possessed the Thunderbird when
the lawsuit was filed.[4]

Satterwhite sued Robert and Larry for
conversion, seeking possession of the vehicle, actual damages for loss of use
of the vehicle, and a temporary injunction.[5]
 Satterwhite later sought a judgment declaring the rights and interests
of the parties regarding possession of, title to, and ownership of the vehicle.

In his request for a temporary
injunction, among other things, Satterwhite asked that Robert deliver
possession of the vehicle to Satterwhite pending a final trial of this cause. 
Robert responded, arguing, in part, that the trial court could not grant the
final relief sought by Satterwhite's conversion claim.  After the temporary
injunction hearing, over Robert’s objection, the trial court granted
Satterwhite the following relief:

It
is accordingly, ORDERED that Larry Mottu Guerrero, Defendant, Larry
Robert Guerrero, Defendant[] and Plaintiff William Satterwhite Jr., . . .
are, [sic] commanded forthwith to DESIST AND REFRAIN from:

 

1.    Destroying, removing,
concealing, encumbering, transferring, or otherwise harming or reducing the
value of the Vehicle;

 

2.    Falsifying any
writing or record relating to the Vehicle;

 

3.    Misrepresenting or
refusing to disclose the other parties or to the Court, on proper request, the
location of the Vehicle;

 

4.    Damaging or
destroying the Vehicle, including any document relating to the Vehicle;

 

5.    Tampering with any
document relating to the Vehicle; and

 

6.    Selling,
transferring, assigning, encumbering, or in any other manner alienating the
Vehicle

 

until final judgment
in this cause is entered by this Court or further order of this Court.

 

It
is further ORDERED that Larry Robert Guerrero is COMMANDED to deliver
the 2004 Ford Thunderbird automobile . . . together with all keys to
the Court on the 8th day of April, 2011 at 12:00 p.m. at the Wharton County
Courthouse, Wharton, Wharton County, Texas.

 

Plaintiff
once in possession, shall immediately deliver and store the vehicle in his
garage at [his residence].  Plaintiff shall insure the vehicle.  Once stored,
Plaintiff shall not drive the vehicle.

 

Robert challenges the temporary order only to the extent
it orders him to deliver the Thunderbird with all its keys to the Court.

Satterwhite faxed a copy of the writ of
injunction to Robert’s counsel on April 7, 2011.  On April 8, 2011, Robert
filed a motion to quash the writ urging that he had not received proper
service.[6] 
Robert's motion was heard that same day.  At the hearing, the trial court
denied Robert's motion, finding that the injunction was valid against Robert. 
Without determining whether Satterwhite’s prior service was proper, the trial
court considered Robert served with the writ of injunction and with adequate
notice because Robert was present in court and had a copy of the writ.

Robert turned over possession of the
vehicle as ordered.  This appeal from the trial court's temporary injunction
order followed.

II. 
Standard of Review

A trial court has broad discretion in
deciding whether to grant or deny a temporary injunction.  Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  Appellate review is strictly
limited to evaluating whether there has been a clear abuse of discretion.  Id. 
The scope of review is limited to the validity of the temporary injunction
order.  Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (per
curiam).  In making this determination, we may not substitute our judgment for
that of the trial court unless its decision was so arbitrary that it exceeded
the bounds of reasonableness.  Butnaru, 84 S.W.3d at 204.  We review the
evidence in the light most favorable to the order and indulge all reasonable
inferences in favor of the decision.  Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978); City of McAllen v. McAllen Police Officers Union, 221
S.W.3d 885, 893 (Tex. App.—Corpus Christi 2007, pet. denied).

III.
 Discussion

A.  Final Relief

            Robert first contends that the trial court
erred in granting Satterwhite’s request for a temporary injunction because the
injunction forced Robert to turn over possession of the vehicle without a trial
on the merits, effectively giving Satterwhite the relief sought in his
conversion claim.  He asserts that the temporary injunction, therefore,
accomplished the object of Satterwhite's conversion claim:  possession of the
car.  We disagree.

If the effect of granting the temporary
injunction accomplishes the whole object of this suit, it is improper for the
court to grant the injunction.  Texas Foundaries, Inc. v. Int'l Moulders
& Foundry Workers' Union, 248 S.W.2d 460, 464 (Tex. 1952). However, in
a conversion claim the trial court must determine who has the right to legal
possession of the property before the requested relief of possession can be
achieved.  See Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193,
211 n.44 (Tex. 2002) (defining conversion as "'the wrongful exercise of
dominion and control over another's property in denial of or inconsistent with
his rights'") (quoting Green Int'l, Inc. v. Solis, 951 S.W.2d 384,
391 (Tex. 1997)); Smith v. Maximum Racing, Inc., 136 S.W.3d 337, 341
(Tex. App.—Austin 2004, no pet.) ("To establish a claim for conversion of
personal property, a plaintiff must have proof that:  (1) the plaintiff owned
or had legal possession of the property or entitlement to possession; (2) the
defendant unlawfully and without authorization assumed and exercised dominion
and control over the property to the exclusion of, or inconsistent with, the
plaintiff's rights as an owner; (3) the plaintiff demanded return of the
property; and (4) the defendant refused to return the property.").  In
this case, the effect of the temporary injunction accomplished only possession
until the right to legal possession of the Thunderbird, or ownership in this
case, could be determined by a trial on the merits.  See Texas Foundries,
248 S.W.2d at 464; Johnson, 73 S.W.3d at 211 n.44.  Mere possession of
the vehicle, without more, was not the whole object of Satterwhite's conversion
claim.

We cannot conclude that the trial
court’s decision to grant Satterwhite’s temporary injunction request was so
arbitrary that it exceeded the bounds of reasonableness.  See Butnaru,
84 S.W.3d at 204.  Thus, the trial court did not clearly abuse its discretion
on this basis.[7]
 See id.

B.  Service of Writ of Injunction

            Robert also complains that the trial court
erred when it enforced an injunction that was not properly served and,
therefore, was not effective.  Robert contends that service was improper because
Satterwhite, a party to the lawsuit, served the writ. 

Writs of injunction may be served
anywhere by (1) any sheriff or constable or other person authorized by law, (2)
any person authorized by law or by written order of the court who is not less
than eighteen years of age, or (3) any person certified under order of the
Supreme Court.  Tex. R. Civ. P.
103; see id. at R. 686.  "But no person who is a party to or
interested in the outcome of a suit may serve any process in that suit
. . . ."  Id. at R. 103.

Robert concedes that he agreed to accept
service by fax.  However, Robert maintains that he did not agree to waive all
other requirements for proper service, including the requirement that no party
to the suit may serve any process in that suit.  See id.  At the hearing on Robert's
motion to quash the writ of injunction, however, the following discussion
occurred:

The Court:     How
did you serve the Writ of Injunction?

 

Satterwhite:   I
served it via fax to . . . counsel for Mr. Robert Guerrero.

 

The Court:     And
why did you do it that way?

 

Satterwhite:   Because
he told me he would accept service by fax.

 

The Court:     All
right.

 

Satterwhite:   I
took that to mean that he would accept service for his client; and there was no
qualifications on it, your Honor, that it be served by any specific individual.[[8]]

 

The
Court:     Now, [counsel for Robert], you filed a Motion to Quash the Writ
saying that you hadn't received proper service, correct?

 

[Counsel]:      Yes. 
Well, the issue is that it wasn't served by a proper party.

 

The
Court:     Okay.  Because it was served by Mr. Satterwhite by fax to you?

 

[Counsel]:      Not
[that] it was served by fax.  That it was served by Mr. Satterwhite.

 

The
Court:     Okay.  All right.  Well, it is 9:30 in the morning.  This is April
8th.  Mr. Larry Robert Guerrero is here present in Court.  Hello, Mr. Guerrero.



Guerrero:       Good
morning.

 

The Court:     You
have a copy of the Amended Writ of Injunction?

 

Guerrero:       I do.

 

The Court:     I'm
now going to have you served.

 

[Counsel]:      Okay.

 

The
Court:     You have all the notice of the writ that you're entitled to, and it
will be enforced.

 

In sum, without determining whether
Satterwhite’s prior service was proper, the trial court considered Robert
served with the writ of injunction and with adequate notice because Robert was
present in court and had a copy of the writ.  Indulging all reasonable
inferences in favor of the decision, we agree with the action taken by the
trial court.  See Davis, 571 S.W.2d at 862; City of McAllen, 221
S.W.3d at 893.  The trial court,
after confirming that Robert was present in the courtroom and that he had a
copy of the amended writ of injunction, had Robert served.  Service by the
court was complete and proper.  Therefore, because the injunction was then
properly served, we conclude that the trial court did not abuse its discretion
when it enforced the injunction.

C.  Sufficient
Evidence to Support the Trial Court's Order

By his final argument, Robert contends
that Satterwhite's evidence was insufficient to grant a temporary
injunction.  To obtain a temporary injunction, the applicant must plead
and prove the following three elements:  (1) a cause of action against the
adverse party; (2) a probable right to the relief sought; and (3) a probable,
imminent, and irreparable injury in the interim.  See
Butnaru, 84 S.W.3d at 204; Wilson N. Jones Mem'l Hosp. v.
Huff, 188 S.W.3d 215, 218 (Tex. App.—Dallas 2003, pet. denied).  On
appeal, Robert
neither sets out this law nor develops his contention by identifying which
element or elements Satterwhite allegedly failed to prove.  Therefore, we
conclude this argument is inadequately briefed.  See Tex. R. App. P. 38.1(i).

We overrule Robert's sole issue.

IV. 
Conclusion

Accordingly, we affirm the trial court's
order granting the temporary injunction.

 

                                                                                                            NELDA
V. RODRIGUEZ

                                                                                                            Justice

 

 

Delivered and filed
the 31st 

day of August, 2011.









[1]
Because this is a
memorandum opinion and the parties are familiar with the facts, we will not
recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it.  See Tex. R. App. P. 47.4. 





[2]
The trial court also enjoined Larry by the temporary injunction from
which Robert appeals.  Yet Larry is identified as an appellee by both
Satterwhite and Robert.  Although Larry filed no brief, it is undisputed that
he had no objection to this temporary injunction because he did not possess the
vehicle and he has made no claim to it after it was awarded to Lydia in the
divorce.  Therefore, we agree that, for the purposes of the appeal of the April
2011 temporary injunction, Larry is an appellee.

 





[3]
It is apparent from the record that the evidence to which the trial court
refers is Texas Certificate of Title number 97803255, issued on October 22,
2010.  The certificate of title identifies William Satterwhite Jr. as the owner
of the Thunderbird at issue in this case and Lydia Rodriguez Guerrero as the
previous owner.  In addition, there are no liens shown on the title.  The title
is in the appellate record, attached as an exhibit to Satterwhite's petition. 
Finally, at the temporary injunction hearing, the trial court also stated that
it had not "heard any evidence that anyone else owns this car other than
Mr. Satterwhite."  

 





[4]
At the temporary injunction hearing, Robert informed the trial court that
the vehicle was "around the outskirts of Hallet[t]sville."





[5]
Satterwhite also sued Robert and Larry for trespass to personalty, liability
under the theft liability act, and for common law and statutory fraud.  Robert
does not address these causes of action in his arguments on appeal.





[6]
The transcript of the hearing on Robert's motion to quash is a part of the
appellate record; however, only the first page of the motion and its attachment
"A" appear in the record.





[7]
Robert also contends that because he was in possession of the Thunderbird
and had an ownership claim to it, the order which forced him to turn over the
Thunderbird to Satterwhite without a trial altered the status quo in the
lawsuit.  In his "Final Relief" argument, Robert cites Texas Foundaries,
Inc. v. Int'l Moulders & Foundry Workers' Union, a case that includes
"status of the property" language.  248 S.W.2d 460, 464 (Tex. 1952). 
However, Robert does not develop this argument with thorough discussion or
analysis.  And he does not include the application of the "status
quo" law to the facts of the case.  Without further discussion and
citations to the record or authority, we conclude that Robert has inadequately
briefed this argument and, thus, has waived it.  See Tex. R. App. P. 38.1(i).

 

Finally, Robert asserts that "[b]ecause [Satterwhite]
seeks recovery of the Thunderbird in his cause of action for conversion,
Satterwhite has an adequate remedy at law and a temporary injunction cannot be
granted."  Without more, however, we are not persuaded by this argument
and conclude that it is also inadequately briefed.  See Tex. R. App. P. 38.1(i).

 





[8]
Counsel for Robert later, on the record, informed the court that he never
agreed to let Satterwhite, himself, serve the writ.